# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Russell Lynn Herold,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case Action No.: 1:11-cv-758

Judge Michael R. Barrett

## **ORDER**

This action is a Social Security appeal brought under 42 U.S.C. § 405(g). Before the Court is Magistrate Judge Karen L. Litkovitz's December 29, 2011, Report and Recommendation ("Report") (Doc. 14).[1] The Report recommends that Defendant's decision to deny Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") be reversed and remanded. (Doc. 14, 28.)

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure including notice that the parties would waive further appeal if they failed to file objections to the Report in a timely manner. (Doc. 14, 29); *see United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Defendant filed timely Objections to the Report (Doc. 15), and Plaintiff filed a Response (Doc. 16).

For the reasons stated below, the Court overrules Defendant's Objections, and the Report is ADOPTED. Accordingly, the Commissioner's decision is REVERSED and REMANDED for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

---

[1] All Court document citations are to CM/ECF Docket Entry numbers.

1

**I.     Background**

On March 28, 2007, Plaintiff filed applications for DIB and SSI alleging a disability onset date of June 2, 2005, due to back and leg injuries sustained in a car accident. (Doc. 2 ¶¶ 4–6; Tr. 18; Doc. 14, 1.) After Plaintiff's applications were denied initially and upon reconsideration, he appeared for an evidentiary hearing before an Administrative Law Judge ("ALJ") on August 18, 2009. (Doc. 2 ¶¶ 7, 8; Tr. 18.) On September 25, 2009, ALJ James W. Sherry denied Plaintiff's applications in a written decision. (Doc. 2 ¶ 9; Tr. 15–25.) The ALJ concluded that Plaintiff does not have a disability within the meaning of the Social Security Act. (Tr. 18.) The Appeals Council of the Social Security Administration denied Plaintiff's request for review, and therefore, the ALJ's decision stands as Defendant's final decision. (Doc. 2 ¶ 11; Doc. 14, 1.)

The Report accurately details the remainder of the facts and procedural history of this case. (*See* Doc. 14, 1–12.) There is no need to repeat them here. Accordingly, the Report's statement of facts and procedural history are adopted in full.

The Report recommends that the Court should reverse and remand this matter for further proceedings. (Doc. 14, 27.) In reaching this decision, the Report analyzed Plaintiff's argument that the ALJ did not properly weigh the medical opinions of record due to a failure to follow the treating-physician rule. (Doc. 14, 16; Doc. 10, 12.) More specifically, Plaintiff argued that the ALJ gave improper weight to the opinion of Plaintiff's treating physician, Dr. Martinez, and erred by not accounting for the limitations provided by Dr. Martinez in formulating Plaintiff's residual functional capacity ("RFC"). (Doc. 10, 12; Doc. 14, 18.) Rather than rely on the opinion of Dr. Martinez, the ALJ gave "great weight" to the opinion of the non-examining State agency reviewer, Dr.

Morton. (Tr. 23.) The entirety of the ALJ's analysis of Dr. Martinez's opinion is as follows:

> The undersigned places little weight on the opinion of Dr. Jose Martinez. Dr. Martinez treated the claimant from January to August 2009 for back pain. He opined that the claimant was totally disabled and unable to engage in work activities and activities of daily living (15F/3, 14). The question of whether the claimant can maintain employment, however, is a matter reserved to the Commissioner. SSR 96-5p. Dr. Martinez's opinion is not well supported by medically acceptable clinical findings and laboratory diagnostic techniques. Although the claimant has some mild to moderate stenosis at L3-4 and L4-5 levels and moderate to severe stenosis at the L2-3 levels as well as neuropathy, the undersigned does not consider these findings justification for Dr. Martinez's opinion that the claimant could not sustain an 8-hour workday. Further, Dr. Martinez's opinion is inconsistent with the claimant's activities of daily living and it is conclusory and inconsistent with treating notes and exam findings. The undersigned also finds that Dr. Martinez's opinion is based heavily on the claimant's self-reports. As such, his opinion is given little weight.

(Tr. 23.)

Citing the treating-physician rule, the Report agreed with Plaintiff, finding that "the ALJ's findings with regard to Dr. Martinez's opinion are not substantially supported." (Doc. 14, 20.) The Report found that Dr. Martinez's opinion is supported by clinical findings, the ALJ failed to cite any medical evidence or opinion to the contrary, the ALJ improperly relied on Plaintiff's reports of daily activity, and the ALJ was incorrect in deciding that Dr. Martinez's opinion was based heavily on Plaintiff's self-reports. (Doc. 14, 20–22.)

Beyond recommending that this matter should be reversed and remanded, the Report concludes that on remand, the ALJ should properly evaluate the weight afforded to Dr. Martinez and Dr. Boyer as set forth in the Report and formulate Plaintiff's residual

3

functional capacity ("RFC") assessment accordingly. The Report also recommends that if necessary, the ALJ should elicit testimony from a medical expert with regard to Plaintiff's RFC. (Doc. 14, 27–28.)

Defendant's Objection argues that the ALJ reasonably evaluated the relevant medical evidence and that his decision should not be reversed. Defendant maintains one overall objection to the Report's recommendations: the Report did not properly weigh the medical opinions of record, particularly the opinion of Dr. Martinez. (Doc. 15, 1.) By this Court's count, Defendant presents four separate arguments under this overall objection. (*See* Doc. 15.) Each is addressed below.

## II. Analysis

### A. Standard of Review

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "'such relevant evidence as a reasonable mind might

4

accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (internal quotations omitted).

The substantial evidence standard presupposes that "there is a zone of choice within which the [ALJ] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (internal citations omitted) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky*, 35 F.3d at 1035 (citing *Mullen*, 800 F.2d at 545). However, even where there is substantial evidence, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**B.     The Weight of Medical Opinion and the Treating-Physician Rule**

Defendant's overall objection states that the Report did not properly weigh the

5

medical opinions of record, particularly the opinion of Dr. Martinez, Plaintiff's treating physician. (Doc. 15, 1.) An ALJ is not bound by a treating physician's conclusory statement that the claimant is "disabled." *Miller v. Sec'y of Health & Human Servs.*, 843 F.2d 221, 224 (6th Cir. 1988) ("The determination of disability is the prerogative of the Secretary and a physician's opinion is not conclusive of the ultimate fact of disability.") However, the treating-physician rule requires an ALJ "to generally give greater deference to the opinions of treating physicians than to the opinions of non-treating physicians . . . ." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, at 406 (6th Cir. 2009). A treating-source opinion must be given controlling weight if it is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'not inconsistent with the other substantial evidence in the case record.'" *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). The regulations require "good reasons" for any determination of weight given to a treating physician's opinion. 20 C.F.R. § 404.1527(d)(2). "If the ALJ does not accord controlling weight to a treating physician, the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley*, 581 F.3d at 406 (citing *Wilson*, 378 F.3d at 544). Furthermore, if an ALJ decides to discount the treating physician's medical opinion, the ALJ must provide, "specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the

treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (*citing* Soc. Sec. Rul. 96-2p). Where an ALJ fails to follow the procedural requirement of identifying the "good reasons" for discounting the opinion of a treating source and for explaining precisely how those reasons affected the weight given, this "denotes *a lack of substantial evidence*, even where the conclusion of the ALJ may be justified based on the record.'" *Blakley*, 581 F.3d at 407 (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007)).

In arguing that the Report incorrectly weighed the medical opinions of record, Defendant presents four separate arguments. (*See* Doc. 15.) Each is considered.

### 1. Defendant's First Argument—Dr. Griffin

Defendant's Objection first argues that the Report failed to discuss the opinion of Dr. Griffin, which contradicted Dr. Martinez's opinion and provided substantial support for the ALJ's decision. (Doc. 15, 1.) In other words, faced with competing—Dr. Griffin's and Dr. Martinez's—the ALJ resolved the differences between them properly by relying on the opinion of Dr. Griffin because he was a specialist with a longer treating relationship with Plaintiff whereas Dr. Martinez was a family-practice physician with only an eight-month treatment relationship. (Doc. 15, 2.) Plaintiff's Response counters that Dr. Griffin's opinion is inconsistent with the RFC found by the ALJ and is consistent with the limitations found by Dr. Martinez. (Doc. 16, 2.)

The Court first notes that the ALJ discussed Dr. Griffin's opinions very briefly. (Tr. 22, 23.) More importantly, Defendant's argument here, even if correct, fails to excuse the fact that the ALJ must give a treating physician's opinion controlling weight, or give good reasons for failing to do so. *See Blakley*, 581 F.3d at 407. Even where an

7

ALJ's decision is otherwise supported by substantial evidence in the record, reversal is still required if the ALJ fails to state good reasons for not giving weight to a treating physician's opinion. *Wilson*, 378 F.3d at 545–46. As the Report concluded, "the ALJ discharged Dr. Martinez's opinion without identifying the contradicting evidence or explaining the inconsistencies." (Doc. 14, 22.) Defendant's argument here, and where it argues that other substantial evidence detracted from Dr. Martinez's opinion, (Doc. 15, 3–4) cannot overcome this flaw in the ALJ's decision.

Regardless, Defendant's argument here is not well taken. Dr. Griffin opined in February 2006 that Plaintiff was temporarily "totally disabled" and was unable to work. (Tr. 205.) This is consistent with Dr. Martinez's opinion (Tr. 314–15), and it is inconsistent with the ALJ's RFC determination, (*compare* Tr. 21, *with* Tr. 205). Defendant's objection here is OVERRULED.

## 2. Defendant's Second Argument—Dr. Morton

Defendant next argues that the ALJ properly relied on the State agency reviewer, Dr. Morton, because he reviewed most of the record and because those records support the ALJ's RFC determination. (Doc. 15, 2–3.) Plaintiff contends that this is incorrect and that Dr. Morton was not provided with any opinions from treating or examining sources and there is no indication that he reviewed any treatment records. (Doc. 16, 2.)

Once again, the Court notes that even if Defendant is correct here, that fails to excuse the ALJ's lack of good reasons for not giving Dr. Martinez's opinion controlling weight. *See Blakley*, 581 F.3d at 407. But even if this were not the case, the record support's Plaintiff's contention that Dr. Morton was not provided with treating- or

8

examining-source statements regarding Plaintiff's physical capacities. (Tr. 268.) This contradicts Defendant's argument that Dr. Morton reviewed most of the record. Accordingly, Defendant's objection here is OVERRULED.

### 3. Defendant's Third Argument—Dr. Boyer

Defendant next argues that another physician, occupational medicine specialist Dr. Boyer, also disagreed with Dr. Martinez and determined that Plaintiff was only minimally impaired. Defendant faults the Report for not factoring this into the discussion of the ALJ's analysis. (Doc. 15, 3.) Plaintiff responds that Dr. Boyer did not offer any specific opinions regarding Plaintiff's RFC, but merely opined that he had an 8% whole-body impairment under the AMA guidelines used for rating workers compensation claims and that those guidelines do not translate to any particular RFC for disability determination purposes. (Doc. 16, 2.)

Again, the Court notes that Defendant's argument here fails to excuse the ALJ's lack of good reasons for rejecting Dr. Martinez's opinion. *See Blakley*, 581 F.3d at 407. Other evidence in the record does not excuse an ALJ's failure to state good reasons for not giving weight to a treating physician's opinion. *Wilson*, 378 F.3d at 545–46. Even so, the opinion Defendants cite in support, *Begley v. Sullivan*, 909 F.2d 1482, 1990 WL 113557 (6th Cir. Aug. 8, 1990) (unpublished table decision), states that "the AMA impairment ratings are not correlated in any way with the social security disability program," and such evidence is not "outcome determinative." As such, Dr. Boyer's determination of 8% whole-person impairment according to the AMA Guides to the Evaluation of Permanent Impairment is not a dispositive factor in determining the existence of a disability. Defendant's objection here is OVERRULED.

### 4. Defendant's Fourth Argument—Clinical Documentation

Defendant's final argument contends that the Report does not address the problems with Dr. Martinez's clinical documentation. (Doc. 15, 4.) Defendant argues that Dr. Martinez's opinion was not supported by significant clinical and objective findings. (Doc. 15, 4–5.) Accordingly, "the ALJ was not unreasonable in concluding that Dr. Martinez's anomalous opinion was not supported by proper clinical and diagnostic evidence." (Doc. 15, 5.) Plaintiff counters that Defendant is viewing the facts selectively, and that Defendant fails to acknowledge objective x-ray and MRI results and abnormal clinical examinations that support Dr. Martinez's opinions. (Doc. 16, 3.)

As with Defendant's prior arguments, the Court must again point out that the ALJ must give "good reasons" for any determination of weight given to a treating physician's opinion. 20 C.F.R. § 404.1527(d)(2). Where such reasons are lacking, this "denotes *a lack of substantial evidence*, even where the conclusion of the ALJ may be justified based on the record.'" *Blakley*, 581 F.3d at 407. Furthermore, as the Report found, "the ALJ's determination that Dr. Martinez's opinion is not supported by clinical findings is contradicted by the objective and clinical evidence of record." (Doc. 14, 20.) The Report extensively reviewed this clinical evidence, (Doc. 14, 20–21) and upon de novo review, the Court finds no error. Defendant's objection here is OVERRULED.

## III. Conclusion

Based on the foregoing, the Court **OVERRULES** Defendant's Objection (Doc. 15) and the Report (Doc. 14) is **ADOPTED** in full. As the Report recommends, this matter is **REVERSED and REMANDED** pursuant to Sentence Four of § 405(g) for further proceedings. (Doc. 14, 27.) On remand, the ALJ shall properly evaluate the

weight afforded to Dr. Martinez and Dr. Boyer and formulate Plaintiff's RFC accordingly. If necessary, the ALJ shall elicit testimony from a medical expert with regard to Plaintiff's RFC. (Doc. 14, 27–28.)

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge