# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| RUSSELL LYNN HEROLD, <br> Plaintiff, | Case No. 1:11-cv-758 <br> Barrett, J. <br> Litkovitz, M.J. |
| vs. | |
| COMMISSIONER OF <br> SOCIAL SECURITY, <br> Defendant. | **REPORT AND** <br> **RECOMMENDATION** |

This matter is before the Court on plaintiff's motion and supporting memorandum for attorney fees and costs under the Equal Access to Justice Act (EAJA) (Docs. 19, 20), the Commissioner's response in opposition (Doc. 21), and plaintiff's reply memorandum. (Doc. 22). For the reasons that follow, the Court recommends that plaintiff's motion be granted.

## I. Substantial Justification

The EAJA provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). The EAJA provides:

> A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In this case, plaintiff is the prevailing party. The Court reversed the non-disability

finding of the Administrative Law Judge (ALJ) and ordered a remand to the ALJ for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (social security claimant who obtains a sentence four judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes of EAJA).

In addition, the Commissioner's position during this litigation was not "substantially justified." To be substantially justified, the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). The "substantial justification" standard under the EAJA is not the same as the "substantial evidence" standard. The government's position "can be justified even though it is not correct . . ., and it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n.2. The Sixth Circuit has held that even though the government's position was not supported by substantial evidence, that fact "does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . ." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted). Rather, under the EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Sec'y of H.H.S.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). It is the government's burden under the EAJA to prove that its position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004). The "'position of the

2

United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

In the present case, the Court determined the Commissioner's decision lacked substantial support in the record because the ALJ erred by discounting the supported opinion of plaintiff's treating physician. (Doc. 14 at 14-24). The Court found that the ALJ erroneously discounted the supported opinion of plaintiff's treating physician; misstated the objective and clinical evidence of record regarding plaintiff's back injuries; improperly substituted his own lay opinion for that of a medical professional; and failed to identify evidence supporting his opinion. (Doc. 14 at 17-24). The Court determined that the matter should be reversed and remanded with directions to the ALJ to properly evaluate the medical opinion evidence of record and to reformulate plaintiff's RFC as necessary. *Id.* at 27-28.

The Commissioner has provided no argument that the government's position was substantially justified. Accordingly, the Court finds that the Commissioner's position in this matter was not substantially justified.

Further, no evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. § 2412(d)(1)(A). Accordingly, the Court turns to an analysis of the amount of fees to which plaintiff's counsel is entitled.

## II. Amount of Fee Award

The EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of

3

>living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff requests an award of fees and costs in the amount of $ $6,535.31 for work done in the district court. The costs sought by plaintiff represent the $350.00 district court filing fee. Plaintiff's request for fees is based on an hourly rate of $175.47, which represents the $125.00 hourly rate set by the EAJA statute adjusted for inflation based on cost of living increases since enactment of the EAJA. (Doc. 19, Ex. 2, ¶ 11). Plaintiff argues that the requested $175.47 hourly rate is not excessive and is in keeping with the hourly rate paid to attorneys in the Cincinnati area. In support of his request, plaintiff has submitted evidence which includes counsel's affidavit and an itemization of counsel's hours worked and costs expended prosecuting this matter. (Doc. 20, attachments).

The Commissioner does not challenge the number of hours included in the fee request, but challenges plaintiff's request for an increase in the EAJA statutory rate to $175.47 per hour, arguing that plaintiff has failed to submit sufficient evidence to support a finding that the requested increase is reasonable. (Doc. 21). Relying on *Mathews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011), the Commissioner contends that plaintiffs in Social Security cases must show that absent a cost-of-living increase to bring the fee award up to the requested hourly rate, competent Social Security counsel in the relevant geographical area could not be found. The Commissioner asserts that this is not a standard plaintiff can meet here, citing to multiple local attorneys who have requested hourly rates of only $125. (Doc. 21 at 4 n.1, *citing Major v. Comm'r of Soc. Sec.*, No. 1:10-cv-530 (S.D. Ohio) (involving a Cincinnati practitioner); *King v. Comm'r of Soc. Sec.*, No. 2:10-cv-800 (S.D. Ohio) (involving a Cleveland practitioner).

4

In reply, plaintiff argues that the requested $175.47 hourly rate is not excessive and is in keeping with the hourly rate paid to attorneys in the Cincinnati area and to other attorneys associated with plaintiff's firm, citing to decisions in the Southern District of Ohio awarding EAJA fees at similar hourly rates. (Doc. 22, *citing Newell v. Astrue*, No. 3:07-cv-412, 2012 WL 936672 (S.D. Ohio Mar. 20, 2012) (Report and Recommendation), *adopted*, 2012 WL 1185991 (S.D. Ohio Apr. 9, 2012) (Rice, J.); *Sturgeon v. Comm'r of Soc. Sec.*, No. 1:08-cv-510, 2009 WL 5194385 (S.D. Ohio Dec. 22, 2009) (Beckwith, J.).

As an initial matter, the undersigned is not persuaded by the Commissioner's argument that before the hourly rate may be increased based on the cost-of-living, plaintiff must prove that no lawyer in the relevant geographical area is available to competently handle a Social Security disability appeal. (Doc. 21 at 4, citing *Mathews-Sheets*, 653 F.3d at 565 (7th Cir. 2011)). First, the Seventh Circuit's decision in *Matthews-Sheets* is not binding precedent on district courts within the Sixth Circuit and courts within the Sixth Circuit have not required EAJA fee applicants to provide proof of the lack of competent counsel within the relevant geographical area. Second, the Commissioner's argument erroneously conflates the two separate provisions justifying an increase in the $125.00 rate under EAJA. The statute provides that EAJA fees are based on the prevailing market rate and should not exceed $125.00 per hour "*unless* the court determines than an increase in the cost of living *or* a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added).[1] Therefore, the Court declines to reduce attorney fees on this basis.

---

[1] The undersigned notes that the court in *Mathews-Sheets* recognized that "a fee of $125 for legal services rendered in 2009 in a social security disability appeal seems awfully low" and that even at the amount requested by counsel in that case, "$170 an hour[,] the total fee award would be only $9,010." 653 F.3d at 564.

5

In determining the hourly rate for an attorney fee award, this Court must first consider the prevailing market rate charged by Social Security practitioners in Southwestern Ohio. *See* 28 U.S.C. § 2412(d)(2)(A) (the amount of EAJA fees "shall be based upon *prevailing market rates for the kind and quality of the services furnished....*") (emphasis added). *See also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (in determining reasonableness of attorney fees court must consider whether requested rates are in line with those prevailing in community for similar services by lawyers of reasonably comparable skill, experience and reputation).

In *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009), the Sixth Circuit upheld the district court's refusal to add a cost-of-living increase to the statutory EAJA rate of $125.00. The Court of Appeals reiterated that the burden of justifying an increase in the statutory hourly rate rests with the EAJA plaintiff. *Id.* at 450 (citing *Blum,* 465 U.S. at 898). In the proceedings below in *Bryant*, the district judge stated that the plaintiff's burden to establish the prevailing market rate may be met through "evidence of legal fees charged in the same geographic area for the pertinent area of practice" and that the district court may take "judicial notice of the historical fee reimbursement rate in the district." *Turner v. Astrue*, No. 06-450, 2008 WL 2950063, at *1 (E.D. Ky. July 30, 2008), *aff'd sub nom., Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443 (citing *London v. Hatter*, 134 F. Supp.2d 940, 941-942 (E.D. Tenn. 2001)). The district court determined that an increase in the statutory hourly rate was not justified in the two cases before it because the plaintiffs' counsel had failed to provide proof that the reasonable and customary attorney fee for comparable work in the relevant geographical area exceeded $125.00 per hour. The Court of Appeals found no abuse of discretion by the district court in limiting the hourly rate to the $125.00 statutory rate where the plaintiffs' attorney submitted only the Department of Labor's Consumer Price Index to support the request for an increase in the

6

statutory hourly rate based on inflation. *Bryant,* 578 F.3d at 450.

In light of *Bryant*, this Court has previously required plaintiffs' counsel to submit evidence justifying an increase in the statutory hourly rate, including evidence of counsel's own customary hourly rate, the requested cost-of-living increase, and the prevailing rate in the local community charged by Social Security practitioners of similar skill, experience, and reputation. *See, e.g., Ayers v. Astrue*, No. 1:10-cv-30, 2011 WL 5506096, at *4 (S.D. Ohio Oct. 18, 2011) (Report and Recommendation), *adopted*, 2011 WL 5445927 (S.D. Ohio Nov. 10, 2011) (Barrett, J.) (awarding $170.00 per hour in EAJA fees); *Sturgeon*, 2009 WL 5194385, at *4-5 (awarding $170.00 per hour in EAJA fees). In these cases, the plaintiff provided an affidavit of counsel, as well as copies of publications showing average billable hourly rates nationally and in Cincinnati establishing that the requested hourly rates were in line with the prevailing market rates for the relevant geographic area. *See, e.g., Ayers*, No. 1:10-cv-30, 2011 WL 5506096, at *4 (noting October 2007 study showing average billable hourly rate of $175 for the Greater Cincinnati area and 2004 report showing mean billable hourly rate of $213 for downtown Cincinnati law firms). The undersigned notes that more recently a 2010 Ohio State Bar Association Survey of attorney fee rates shows a mean hourly rate of $231 per hour for Greater Cincinnati, $251 per hour for downtown Cincinnati, and $209 per hour for suburban Cincinnati. *See* The Economics of Law Practice in Ohio, Ohio State Bar Association (found at http://www.ohiobar.org/General% 20Resources/pub/2010_Economics_of_Law_Practice_ Study.pdf). The Court is permitted to consider evidence of legal fees charged in the same geographic area, as well as take judicial notice of the historical fee reimbursement rate in this district, in determining the prevailing market rate for the case before the Court. *See Turner*, No. 06-450, 2008 WL 2950063, at *1. *See also Saxton v. Astrue*, No. 3:11-cv-303, 2012 WL 3078821 (S.D. Ohio July 30, 2012)

7

(Black, J.) (awarding $177.66 per hour); *Wagner v. Comm'r of Soc. Sec.*, No. 1:10-cv-784, 2012 WL 1224736 (S.D. Ohio Apr. 11, 2012) (Report and Recommendation), *adopted*, 2012 WL 1656973 (S.D. Ohio May 10, 2012) (Dlott, J.) (awarding $176.49 per hour); *Renneker v. Astrue*, No. 1:10-cv-386, 2012 WL 12696 (S.D. Ohio Jan. 4, 2012) (Beckwith, J.) (awarding $176.49 per hour).

In this case, the hourly rate requested by counsel is in keeping with the prevailing market rate for the Southwestern Ohio geographic area. In light of the cases in the Southern District of Ohio cited above, as well as the survey from the Ohio State Bar Association, the undersigned takes judicial notice that the prevailing market rate in the local Cincinnati and Southwestern Ohio communities charged by Social Security practitioners of similar skill, experience, and reputation is at least $176.47 per hour (the amount requested by counsel). In addition, the evidence submitted by counsel in the instant case (Doc. 19, Ex. 2, affirmation of plaintiff's counsel Charles E. Binder) confirms that the prevailing market rate in the relevant community is at least $175.47 per hour.

Plaintiff also seeks an increase in the $125.00 statutory rate based on a cost of living adjustment. *See Begley v. Sec'y of H.H.S.*, 966 F.2d 196, 199, 200 (6th Cir. 1992) (increase based on cost of living is within discretion of district court). The Court finds that an increase in the statutory $125.00 fee is appropriate, given the nature of the case in question and the increase in the cost of living since the amendment of EAJA. Plaintiff seeks attorney fees for work performed in 2010, 2011, and 2012 at an hourly rate of $175.47. Plaintiff seeks one hourly rate for all three years based on the CPI for Midwest urban consumers.[2] However, plaintiff cites to no authority for applying the CPI for this category, and the Court is not aware of any EAJA cases

---

[2] Plaintiff does not specify whether the requested rate is based on the CPI for Services or All Items.

8

where the CPI for all urban consumers has been applied. Instead, judges in this district have applied the CPI for either Services or All Items in calculating the appropriate cost of living increase. *See Adkins v. Comm'r of Soc. Sec.*, No. 1:07cv073, 2011 WL 2020647, at *2 (S.D. Ohio May 24, 2011) (Barrett J.) (recognizing discrepancy among decisions and citing cases).[3] The Court in *Adkins* determined that the appropriate index is that found in the "All Items" category; thus, the undersigned shall apply the CPI for All Items in the instant case. *Id.*

Plaintiff seeks attorney fees for work performed in 2010, 2011, and 2012. Plaintiff has requested one hourly fee for each year rather than the requesting distinct rates for each year. As this is not the preferred method of calculating a fee award, the Court will apply the annual rates for 2010, 2011, and 2012 in the instant matter. *See Marcus v. Shalala*, 17 F.3d 1033, 1040 (6th Cir. 1994). Consequently, the Court will set the hourly rate for work performed in 2010 at $173.83; plaintiff will receive his requested hourly rate of $175.47 for work performed in 2011 and 2012.[4]

The Court also considers the affidavit of plaintiff's counsel which sets forth counsel's credentials and extensive experience handling Social Security disability cases. (Doc. 19, Ex. 2). The Court finds this information amply demonstrates that the hourly rates of $173.83 and $175.47 are reasonable and warranted given the cost of living increases since enactment of the EAJA and the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See Bryant,* 578 F.3d at 450.

Plaintiff has not requested an increase in the rate based upon any "special factor." *See* 28

---

[3] The Court in *Adkins* used the CPI index for the Midwest region without addressing whether it was appropriate to use this index as compared to the U.S. City average index given that the Commissioner did not object to the use of the regional index. *Id.* at *1, n.2. This Court will likewise use the CPI indices for the Midwest region in the present case.

[4] Under the CPI for Midwest urban consumers for all items, the hourly rate for work performed in 2010 is $173.83. The hourly rate for work performed in 2011 is $179.43, and for work performed in 2012 is $183.08, which

9

U.S.C. § 2412(d)(2)(A). Accordingly, the Court need not address the "special factor" inquiry.

In light of the above findings, the Court finds that plaintiff is entitled to attorney's fees for 0.75 hours of work at an hourly rate of $173.83 and 34.50 hours of work at an hourly rate of $175.47, yielding a fee award of $6,184.08. The award is payable to plaintiff rather than plaintiff's counsel. *See Astrue v. Ratliff*, __ U.S. __, 130 S.Ct. 2521, 2529 (2010). *See also Renneker v. Astrue*, No. 1:10-cv-386, 2012 WL 12696, at *2 (S.D. Ohio Jan. 4, 2012) (Beckwith, J.) (noting that "assignment of an EAJA award executed in advance of any actual award, violates the Anti-Assignment Act, 31 U.S.C. § 3272" and that to make an award directly to the attorney before the Commissioner determines whether the plaintiff owes a pre-existing debt to the United States against which the EAJA fee award could be offset "would jeopardize the ability of the United States to collect such debts, if any exist"). As the award of EAJA fees may be offset against any pre-existing debt plaintiff may owe to the United States, the fee must be made to plaintiff and not to plaintiff's attorney.

The Court therefore **RECOMMENDS** that the EAJA fee petition be **GRANTED** and that plaintiff be **AWARDED** $6,184.08. in attorney fees and $350.00 in costs.

Date: 12/21/12

Karen L. Litkovitz
United States Magistrate Judge

---

exceeds plaintiff's requested rate of $175.47 per hour for work performed in 2011 and 2012.

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

RUSSELL LYNN HEROLD,　　　　　　　　　Case No. 1:11-cv-758
　　　Plaintiff,　　　　　　　　　　　　　　　Barrett, J.
　　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
vs.

COMMISSIONER OF
SOCIAL SECURITY,
　　　Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).